UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA CANTWELL ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-9243** |
| **THE CITY OF GRETNA ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

The court has considered the motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by The City of Gretna; Arthur Lawson, the Chief of Police of the City of Gretna, in his official capacity (document #19) ; Harry Lee, the Sheriff of Jefferson Parish, in his official capacity (document #23) ;[1] and the State of Louisiana through the Department of Transportation and Development, Crescent City Connection Division (document #22). The defendants move to dismiss the plaintiffs' claims of 1) constitutional violation of their right to interstate travel, 2) violation of Eighth Amendment guarantee against cruel and unusual punishment, and 3) violation of their Fourth, Fifth, and Fourteenth Amendment protection against unreasonable search and seizure.

---

[1] Sheriff Lee died on October 1, 2007.

**IT IS HEREBY ORDERED**:

The defendants' motion to dismiss the claim that the defendants violated their constitutional right to interstate travel is **DENIED**;

The defendants' motion to dismiss the claim that the defendants violated their constitutional right to intrastate travel is **GRANTED**;

The defendants' motion to dismiss the Eighth Amendment claim of cruel and unusual punishment is **GRANTED**;

The defendants' motion to dismiss the claim of unreasonable search and seizure under the Due Process Clause of the Fifth and Fourteenth Amendments is **GRANTED**;

The defendants' motion to dismiss the claim of unreasonable search and seizure under the Fourth Amendment is **DENIED**.

## I. BACKGROUND

On August 28, 2006, as Hurricane Katrina approached, Cynthia Cantwell; her husband, Kimberly Cantwell Sr.; their minor children, Katherine Cantwell and Nicholas Cantwell; Barbara Cantwell; her husband, Kimberly Cantwell, Jr; and their minor children, Taegan Cantwell, Madeleine Cantwell, and Julie Cantwell (the Cantwells), evacuated to the Astor Hotel on Canal Street in New Orleans, Louisiana.  The Cantwells parked two vehicles at the Astor Hotel garage and left two vehicles parked at their home in Algiers Point on the West Bank of Orleans Parish.  On August 30, 2005, the Cantwells attempted to retrieve the vehicles from the hotel garage in order to leave the City, but were unable to do so because the garage and streets were flooded.  On August 31, 2005, employees of the Astor Hotel urged guests to leave because

the hotel was running out of generator fuel and food. Because they were still unable to retrieve their vehicles due to flooding, the Cantwells decided to cross the Crescent City Connection on foot to reach their home in Algiers Point where their other vehicles were parked.

On September 1, 2005, at approximately 12:00 noon, the Cantwells left the Astor Hotel and walked to the Camp Street ramp of the Crescent City Connection. They and other pedestrians walked up the ramp and crossed the bridge, observed by officers of the New Orleans Police Department and the National Guard. Guardsmen offered them food and water they had available on the bridge. As they approached the bridge toll plaza on the West Bank of Orleans Parish, the Cantwells were met by two law enforcement vehicles of the Jefferson Parish Sheriff's Office and the Crescent City Connection.

Sheriff's deputy John Doe spoke to the Cantwells through a loudspeaker and directed them to return to the City of New Orleans. Kimberly Cantwell, Jr. approached Deputy Doe with a photo identification in his upraised hand to explain that they were going to their home in Algiers to retrieve their vehicles. The deputy reached for a rifle that was lying across the front seat, pointed it a Kimberly Cantwell, Jr., and yelled at him to turn around and walk back to the East Bank of Orleans Parish. The Cantwells complied with the directive and walked back across the bridge to the East Bank.

The Cantwells, on behalf of themselves and their minor children, filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against The City of Gretna; Arthur Lawson, the Chief of Police of the City of Gretna, in his official capacity (the City defendants); Harry Lee, the Sheriff of Jefferson Parish, in his official capacity; Richard Roe

and John Doe, unknown officers employed by the Department of Transportation and Development-Crescent City Connection Division, in their official capacities;[2] and the State of Louisiana through the Department of Transportation and Development, Crescent City Connection Division (the State defendant), asserting constitutional violations under 42 U.S.C. § 1983, the Louisiana constitution and Louisiana law. They allege that Chief Lawson closed the bridge, urging the officers to prevent anyone from entering the City of Gretna, even if deadly force was required, and that officers of the Gretna Police Department and the Sheriff's Department carried out Chief Lawson's mandate. As to the Sheriff, the plaintiffs allege that he established the policy to prevent anyone from exiting the bridge on the West Bank. The plaintiffs further allege that the officers' actions deprived them of their rights of due process, protection against unreasonable search and seizure, freedom from cruel and unusual punishment after being confined by the City's police officers, and freedom to travel.

The defendants removed the case to federal court based on federal question jurisdiction. The City and State defendants and the Jefferson Parish Sheriff, in his official capacity, filed separate motions to dismiss for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Legal standard

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must

---

[2] Before the case was transferred to Judge Lemmon, Judge Barbier dismissed the unidentified parties without prejudice. See doc. #13.

plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not the plaintiff pleads itself out of court." E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)).

**B. Motions to dismiss the right-to-travel claim**

In separate motions, the City defendants, the State defendants, and the Jefferson Parish Sheriff contend that the factual allegations do not support a § 1983 claim for a violation of a constitutional right to travel. The defendants acknowledge that the constitution protects the fundamental right to interstate travel, but argue that the plaintiffs' claim involves unprotected intrastate travel in that they allege only that they were trying to reach their home in Algiers Point.

"The 'constitutional right to travel from one State to another' is firmly embedded in our jurisprudence." Saenz v. Roe, 119 S.Ct. 1518, 1524 (1999) ( citing United States v. Guest, 86 S.Ct. 11170 (1966)). Although the right to interstate travel is clearly established, the United States Supreme Court has not addressed the question of whether the Constitution protects a right to intrastate travel. See Memorial Hospital v. Maricopa County , 94 S. Ct. 1076, 1081 (1974); Johnson v. City of Cincinnati, 310 F.3d 484, 496 (6th Cir. 2002); Doe v. Miller, 405 F. 3d 700,

712 (8th Cir. 2004).

The Cantwells do not argue that the right to intrastate travel was violated, see opposition, footnote 2,[3] and defendants' motion is granted as to intrastate travel. The Cantwells argue that the defendants prevented them from taking the "first step" to travel to other states. They contend that they allege in paragraph 9 of the petition that they were going to retrieve "the two vehicles parked in Algiers to evacuate from the Algiers area."[4]

The factual allegation in the complaint is broad enough to give the defendants notice that the plaintiffs' claim encompasses a violation of their right to interstate travel. The claim is plausible on its face, and the defendants' Rule 12(b)(6) motion to dismiss is denied.

**C. Cruel and unusual punishment in violation of Eighth Amendment**

The defendants contend that the Eighth Amendment's guarantee against cruel and unusual punishment does not protect the type of harm alleged by the plaintiffs. The defendants argue that they plaintiffs were not confined, "except in the general sense of being prevented from walking across the bridge."

"The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners. . . ." Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). The plaintiffs do not allege that they have been convicted of a crime; therefore, the Eighth

---

   [3]   The plaintiffs acknowledge this court's decision in Dickerson v. City of Gretna, relying on Wright v. City of Jackson, 506 F.2d 900 (5th Cir. 1975) for the proposition that there is no fundamental right to intrastate travel.

   [4]   The Cantwells argue that they intended to leave Louisiana to visit relatives in Mississippi and Michigan, and support their argument with an affidavit. The court does not consider the affidavit because the issue is resolved under the Rule 12(b)(6) standard.

Amendment protections are not applicable. Accordingly, the complaint does not state a claim for relief under the Eighth Amendment that is plausible on its face, and the motion to dismiss the claim is granted.

**D.  Protection against unreasonable search and seizure**

The defendants contend that the facts do not state a claim for relief for a violation of the plaintiffs' rights under the Fourth Amendment. The defendants contend that the plaintiffs have not alleged any use of force and that the "threat of force" by pointing a gun as a deterrent does not allege a constitutional violation.

The plaintiffs argue that the defendants violated a liberty interest guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendment when they physically restrained them from crossing the bridge.

"The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendants] are charged." Baker v. McCollan, 99 S.Ct. 2689, 2692 (1979). Historically, "[t]he liberty preserved from deprivation without due process included the right generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men." Ingraham v. Wright, 97 S.Ct. 1401, 1413 (1977). "While the contours of the historic liberty interest in the context of our federal system of government have not been defined precisely, they always have been thought to encompass freedom from bodily restraint and punishment." Id. at 1413-14.

A seizure occurs when government actors have "by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." Terry v. Ohio, 88 S.Ct. 1868,

1879 n.16 (1968). In Graham v. Connor, 109 S.Ct. 1865, 1871 (1989), the Supreme Court explicitly held that a claim that arises in the context of the restraint of liberty of a free citizen is properly characterized as one invoking the protections of the Fourth Amendment and is analyzed under the reasonableness standard. "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Id.; see also Saucier v. Katz, 121 S.Ct. 2151, 2158 (2001) (analysis is under Fourth Amendment standard, not substantive due process principles).

The Due Process Clause is not implicated in this case. There are no issues concerning procedural due process, and a substantive due process analysis is not appropriate. Accordingly, the defendants' motion to dismiss the claims under the Due Process Clause of the Fifth and Fourteenth Amendments is granted.

Notwithstanding, the plaintiffs have alleged facts beyond a speculative level that a violation of the Fourth Amendment could have occurred, based simply on the general rule prohibiting excessive force in restraining the liberty of a citizen. See Saucier v. Katz, 121 S.Ct. at 2159. Accordingly, the allegations plausibly suggest a right to relief, and the defendants' motion to dismiss the Fourth Amendment claim is denied.

### III. CONCLUSION

The motion to dismiss the claim of a violation of the plaintiffs' right to travel interstate is denied, and the motion to dismiss the claim of a right to travel intrastate is granted. The motion

to dismiss the claim of cruel and unusual punishment under the Eighth Amendment is granted. The motion to dismiss the claim of unreasonable search and seizure under the Fourteenth Amendment is granted, and the motion to dismiss the claim of unreasonable restraint of liberty under the Fourth Amendment is denied.

New Orleans, Louisiana, this  30th  day of November, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**